IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CALLIE REMSCHNER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:11-cv-02193-CM -KGG |
| | ) | |
| v. | ) | Judge Murguia |
| | ) | Magistrate Gale |
| CREDIT BUREAU SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES the Plaintiff, CALLIE REMSCHNER, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her First Amended Complaint against the Defendant, CREDIT BUREAU SERVICES, INC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. CALLIE REMSCHNER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Garden City, County of Finney, State of Kansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Michael W. Richard DDS, PA (hereinafter "DDS").

1

6. The debt that Plaintiff allegedly owed DDS was for a medical and/or dental bill allegedly incurred by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CREDIT BUREAU SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is incorporated in the State of Kansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

14. On or about January 12, 2011, Defendant initiated a telephone call to Plaintiff at her place of employment.

15. After Plaintiff answered the aforementioned telephone call, Defendant then disconnected the telephone call and hung up on Plaintiff.

16. Immediately thereafter, Defendant initiated another telephone call to Plaintiff at her place of employment.

17. Plaintiff, again, answered the aforementioned telephone call wherein Defendant, again, disconnected the telephone call and hung up on Plaintiff.

18. Immediately thereafter, Defendant initiated a third telephone call to Plaintiff's place of employment wherein a co-worker of Plaintiff answered the aforementioned telephone call.

19. For a third time, Defendant then disconnected the telephone call and hung up on Plaintiff.

20. On that same day, Defendant initiated another telephone call to Plaintiff's place of employment wherein a duly authorized representative of Defendant engaged in a telephone call with Plaintiff's co-worker, Vanessa.

21. Plaintiff is the direct supervisor of the co-worker with whom Defendant spoke.

22. During the course of the aforementioned telephone call, Defendant's duly authorized representative stated that she was calling on behalf of Attorney Lara Bors.

23. At no time during the course of the aforementioned telephone conversation did Defendant's duly authorized representative inform Plaintiff's co-worker that she was calling on behalf of Credit Bureau Services, Inc.

24. During the course of the aforementioned telephone call, Defendant advised Plaintiff's co-worker that it had documentation for Plaintiff relative to a garnishment of her wages.

25. Implicit within Defendant's statement, as delineated above, in conjunction with the fact that Defendant's duly authorized representative stated that she was calling on behalf of an attorney, was that Plaintiff owed a debt.

26. Implicit within Defendant's statement, as delineated above, in conjunction with the fact that Defendant's duly authorized representative stated that she was calling on behalf of an attorney, was that a judgment had likely been obtained against Plaintiff.

27. Implicit within Defendant's statement, as delineated above, was that Plaintiff had not paid a debt that she owed.

28. Implicit within Defendant's statement, as delineated above, was that Plaintiff had not paid a judgment that was entered against her.

29. During the course of the aforementioned telephone call, Defendant acknowledged that it had called Plaintiff's place of employment earlier that same day and hung up after Plaintiff answered Defendant's telephone calls.

30. At no time during the course of the aforementioned telephone call did Defendant apprise Plaintiff's co-worker that it was calling to confirm or correct location information for Plaintiff.

31. Plaintiff was cognizant that the aforementioned telephone conversation was initiated on behalf of Defendant by viewing the telephone number on the caller identification at her place of the employment.

32. The telephone number that appeared on the caller identification at Plaintiff's place of employment, relative to the aforesaid telephone calls, was Defendant's telephone number.

33. The co-worker of Plaintiffs with whom Defendant spoke was not in the Human Resource's Department at Plaintiff's place of employment.

34. The co-worker of Plaintiffs with whom Defendant spoke was not charged with the responsibility at Plaintiff's place of employment to monitor and/or regulate the garnishment of employee's wages at Plaintiff's place of employment.

35. Plaintiff did not consent to Defendant communicating with third parties.

36. The co-worker with whom Defendant spoke, Vanessa, then informed Joanna, another co-worker at Plaintiff's place of employment, regarding the contents of the aforementioned telephone call.

37. Plaintiff is the direct supervisor of Joanna at Plaintiff's place of employment.

38. Joanna then informed Plaintiff regarding the contents of the aforementioned telephone call.

39. Defendant's duly authorized representative's statement that she was calling on behalf of Attorney Lara Bors had the effect of conveying to an unsophisticated consumer that Defendant's duly authorized representative was an employee, agent and/or representative of Lara Bors.

40. Defendant's duly authorized representative's statement that she was calling on behalf of Attorney Lara Bors was false, deceptive and/or misleading given that Defendant's duly authorized representative was calling on behalf of Defendant.

41. Defendant, in its attempts to collect a debt allegedly owed by Plaintiff, used a name other than its true name.

42. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the

consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

43.    In its attempts to collect the debt allegedly owed by Plaintiff to DDS, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

    b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    d. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    e. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    f. Using any business, company or organization name other than the true name of the debt collector's business, company or organization in violation of 15 U.S.C. §1692e(14);

    g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    h. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

    i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

44.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

45. Plaintiff hereby demands a trial by jury on all issues so triable.

46. The Plaintiff, CALLIE REMSCHNER, by and through her attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CALLIE REMSCHNER, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                              Respectfully submitted,
                              **CALLIE REMSCHNER**

                        By:    s/ D. Matthew Durgin
                              Attorney for Plaintiff

Dated: November 21, 2011

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone:  (913) 908-2313
                (312) 222-9028
Facsimile:  (888) 418-1277
E-Mail:  mdurgin@smithlaw.us